Rockwell KENT, Appellant,

v.

John Foster DULLES, Secretary of State,
Appellee.

No. 13297.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 29, 1957.

Decided June 27, 1957.

Writ of Certiorari Granted Nov. 25, 1957.
See 78 S.Ct. 149.

Edgerton, C. J., and Bazelon and
Fahy, JJ., dissented.

Mr. Leonard B. Boudin, New York
City, with whom Messrs. David Rein and
Joseph Forer, Washington, D. C., were
on the brief, for appellant.

Mr. B. Jenkins Middleton, Atty., Dept.
of Justice, with whom Asst. Atty. Gen.
George Cochran Doub, Mr. Oliver Gasch,
U. S. Atty., and Mr. Paul A. Sweeney,
Atty., Dept. of Justice, were on the brief,
for appellee. Mr. Lewis Carroll, Asst. U.
S. Atty., also entered an appearance for
appellee.

Before EDGERTON, Chief Judge, and
PRETTYMAN, WILBUR K. MILLER, BAZE-
LON, FAHY, WASHINGTON, DANAHER, and
BASTIAN, Circuit Judges, sitting en banc.

PRETTYMAN, Circuit Judge.

Rockwell Kent is an artist. On August
2, 1955, he filed with the Department of
State an application for a passport to
travel to Europe to paint pictures. He
stated he desired to visit England, Ire-
land, France, Switzerland, Denmark,
Norway, Sweden, Finland, Italy and
Czechoslovakia, the stated purpose being
"prosecution of profession and pleasure".
The Director of the Passport Office
wrote him under date of September 29,
1955, referring to the action of the De-
partment upon a prior application. Upon
receipt of that prior application, executed
June 1, 1955, the Department had written
him that it was obliged to disapprove the
request tentatively, on the ground that
the grant was precluded under Section
51.135 of the Department's Passport
Regulations.[1] The letter of the Depart-
ment continued, "In your case it has been
alleged that you were a Communist."
Thereafter the letter contained a long
(four printed pages in the joint appendix
before us) recital of affiliations with
Communist-front organizations, espous-
als of the Communist cause, and partici-

1. 17 Fed.Reg. 8013 (1952), 22 C.F.R. § 51.135 (Supp.1955).

pation in Communist activities. He was advised that he would be required, as a prerequisite to a hearing on his application, to submit a sworn statement as to whether he was then or ever had been a Communist.

On October 27, 1955, counsel for Mr. Kent wrote the Department that his client had taken the position that the demand for an affidavit was unlawful and that he would not respond to such demand. However, on November 8, 1955, an informal hearing was held in the Passport Office, at which hearing Mr. Kent appeared with counsel. In the course of the hearing the Department put certain evidence in the record, principally a copy of Mr. Kent's book, *It's Me O Lord,* an autobiography. Mr. Kent conceded that anything in the book is accurate. Portions of the book were read into the record. In the course of that hearing Mr. Kent was asked a question directed at each subdivision of Section 51.135 of the Passport Regulations. He was asked whether he would submit a sworn statement as to whether he was or was not a member of the Communist Party, a sworn statement bearing on subsection (b) of the regulation, or a sworn statement as to membership in Communist-front organizations. He refused to submit any such sworn statement. He summarized his position thus: " * * * because I am an American citizen I am entitled to a passport, stop."

On November 25, 1955, the Director of the Passport Office wrote Mr. Kent, referring to his declining to furnish a statement respecting his then-present or past membership in the Communist Party, his alleged affiliation with Commu-nist-front organizations, and other alleged Communist activities. The letter concluded:

"The Department will be glad to give further consideration to your passport application at such time as you are willing to comply with the Passport Regulations."

Mr. Kent thereupon filed in the District Court a complaint for declaratory judgment and injunction. The Secretary answered. The plaintiff then moved for preliminary injunction and for summary judgment, and the Secretary moved for judgment on the pleadings or for summary judgment. In a brief opinion the District Court held that the passport regulations are valid and reasonable. It denied the plaintiff's motions and granted the Secretary's motion for summary judgment. This appeal followed.

It is stated to us by both the appellant and the appellee that the issues in this case are identical with the issues in Briehl v. Dulles, decided by this court today.[2] The members of the court vote in this case as they voted in that one and adhere to the opinions filed by them in that case. Accordingly Judges PRETTY-MAN, WILBUR K. MILLER, WASH-INGTON, DANAHER and BASTIAN vote to affirm. Chief Judge EDGERTON and Judge BAZELON vote to reverse. Judge FAHY votes to reverse and to remand for further proceedings before the Secretary consistently with the views set forth in his opinion in Briehl.

Affirmed.

BURGER, Circuit Judge, took no part in the consideration or decision of this case.

2. 101 U.S.App.D.C. —, 248 F.2d 561.